**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff-Respondent,<br><br>vs.<br><br>Abraham Beltran-Moreno,<br><br>  Defendant-Movant. | No. CR05-0546-05-PHX-NVW<br><br>No. CV10-0043-PHX-NVW (ECV) |
| United States of America,<br><br>  Plaintiff-Respondent,<br><br>vs.<br><br>Jose Angel Beltran-Moreno,<br><br>  Defendant-Movant. | No. CR05-0546-03-PHX-NVW<br><br>No. CV10-0205-PHX-NVW (JRI)<br><br>**ORDER** |

On December 12, 2011, this Court issued an order denying habeas relief for both Defendants. That order contained an error. The final substantive paragraph contained the following sentence: "Moreover, if the government had successfully appealed the sentences, the result could not have been an increase in the sentences to the true statutory maximum." This sentence should have concluded instead with "true statutory minimum." The Court's previous orders (CV10-0043-PHX-NVW (ECV), Doc. 15; CV10-0205-PHX-NVW (JRI), Doc. 19) are therefore VACATED and SUPERSEDED by the following opinion, which corrects the above-noted mistake.

\* \* \*

Before the Court in No. CV10-0043-PHX-NVW (ECV) is Abraham Beltran-Moreno's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 7); Magistrate Judge Edward C. Voss's Report and Recommendation recommending denial of Beltran-Moreno's motion (Doc. 13); and Beltran-Moreno's objections to the report and recommendation (Doc. 14).

Also before the Court in No. CV10-0205-PHX-NVW (JRI) is Jose Angel Beltran-Moreno's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 5); Magistrate Judge Jay R. Irwin's Report and Recommendation recommending denial of Beltran-Moreno's motion (Doc. 12); and Beltran-Moreno's objections to the report and recommendation (Doc. 17). The Court will overrule Movants' objections to their respective Report and Recommendations, accept both Report and Recommendations, and clarify the circumstances of Movants' sentencings.

First, the Court has considered Movants' objections and reviewed each Report and Recommendation *de novo*. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the Court must make a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made). Abraham Beltran-Moreno's[1] objection to Magistrate Judge Voss's Report and Recommendation specifically references this Court's statement at a January 11, 2007 hearing, "I see a 2255 written in capital letters, red ink, and bold." However, that statement does not support Abraham Beltran-Moreno's motion to vacate, set aside, or correct his sentence. The January 11, 2007 hearing was intended to be a change-of-plea hearing as part of a plea bargain. In an attempt to establish an adequate factual basis for the guilty plea, the Court thoroughly questioned Abraham Beltran-Moreno about his involvement in the crimes to which he intended to plead guilty. Abraham Beltran-Moreno's answers were often evasive or

---

[1] No. CV10-0043-PHX-NVW (ECV).

incomplete, and the Court eventually concluded that it could not establish an adequate factual basis for a guilty plea. Without such a factual basis, the Court concluded that the plea bargain could not go forward. The remark about "a 2255 written in capital letters, red ink, and bold" simply referred to the lack of an adequate factual basis to support a guilty plea; it does not indicate that Abraham Beltran-Moreno's current motion under 28 U.S.C. §2255 is well-founded.

Having reviewed the Report and Recommendations and considered the objections thereto, the Court agrees with the magistrate judges' determinations in both cases, accepts their recommended decisions within the meaning of Fed. R. Civ. P. 72(b), and overrules each Movant's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

Additionally, the Court of Appeals' opinion in the direct appeals of Movants' convictions suggests the need for a clarification about prior proceedings in this Court that led to the unique circumstances of Movants' sentences. *See United States v. Beltran-Moreno*, 556 F.3d 913 (9th Cir. 2009). The Court of Appeals' opinion stated:

> After pleading guilty to a multiple-count indictment charging, inter alia, two independent firearms counts under 18 U.S.C. § 924(c), Jose and Abraham Beltran-Moreno benefitted from the district court's erroneous construction of that statute at sentencing. They should have quit while they were ahead. As the Supreme Court made clear fifteen years ago in *Deal v. United States*, 508 U.S. 129 (1993), when the government charges more than one § 924(c) offense in a single indictment, each additional count is to be treated as a "second or subsequent conviction" for purposes of 18 U.S.C. § 924(c)(1)(c)(I) and therefore carries a mandatory minimum sentence of twenty-five years. Because § 924(c)(1)(D)(ii) requires that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed," each independent § 924(c) count in the indictment imposes a consecutive sentence in addition to any other sentence imposed, either under § 924(c)

> or under any other counts for which the defendant has been convicted.
>
> In this case, the defendants pled guilty to various drug offenses that, taken together, imposed a mandatory minimum sentence of ten years. They also pled guilty to two § 924(c) charges, the first of which required a mandatory minimum sentence of five years and the second of which required an additional sentence of twenty-five years. Because the statute does not allow any of these sentences to run concurrently, the mandatory minimum sentence for both defendants was forty years in prison.
>
> The district court, however, was not familiar with *Deal*. Accordingly, despite the government's argument for a forty-year minimum sentence, the court held, quite understandably, that multiple § 924(c) counts in a single indictment do not trigger the "second or subsequent" provision. As a result, the court added only two five-year sentences — as opposed to a five-year sentence and a twenty-five-year sentence — to the ten-year minimum required by the drug offenses. This was error, the result of which was the calculation of a mandatory minimum sentence of twenty years, which was twenty years lower than that required by statute, a sentence that would seem quite reasonable, but for the Court's decision in *Deal*.

*Id.* at 915 (footnote and certain citations omitted).

This account of the previous proceedings before this Court is incomplete. On March 8, 2007, Movants appeared before this Court at a status conference, at which time their respective attorneys unexpectedly informed the Court that Movants had decided to plead guilty. The Court asked the parties if they could return later that same day for a change-of-plea hearing, and all parties agreed. When the parties returned, less than an hour later, for the change-of-plea hearing, the Court informed them:

> I have not yet gone through and calculated what the maximum sentences are for each of these offenses, of which I must advise the defendants in the plea hearing. And rather than keeping you waiting further, we will simply go through it and I would like to have the benefit of all counsel's

>concurrence in those calculations rather than keeping you waiting longer while I figured them out at the risk of possibly making a mistake.

A valid guilty plea requires the Court to inform the defendant, among other things, of "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b)(1)(H). When it came time to inform Movants of their maximum possible sentences, the Court stated, "Now, Counsel, as I said, I did not calculate the maximum penalties," and asked counsel for the United States whether he had those calculations at hand. Counsel for the United States replied, "I do, Your Honor. Would you like me to go down the list by count?" The Court responded, "Yes, would you, please. And then I will rely on your recitation and ask the defendants whether they understand that." When counsel for the United States came to the second § 924(c) count — the one which would carry a mandatory 25-year minimum sentence under *Deal* — counsel stated, "The mandatory minimum term is five years." Relying in part on this information, Movants pled guilty.

Movants were sentenced on July 25, 2007. The Presentence Investigation Report noted the 25-year minimum sentence for a second or subsequent § 924(c) offense. Counsel representing the United States at the sentencing[2] argued for the 25-year minimum, but prudently noted, "[A]t the time of the change of plea, I'm not sure the defendants were notified of that, of the mandatory minimum." The Court was similarly concerned, eventually concluding, "I think if I read the statute [to require the 25-year minimum sentence], we would have to set aside these guilty pleas." Because the Court relied on the government's inaccurate representation about the mandatory minimum sentence at the change-of-plea hearing, the government invited the error that Movants were not informed at the change-of-plea hearing of the maximum potential sentences.

---

[2] Different attorneys represented the United States at the change-of-plea hearing and Movants' sentencing. Counsel representing the United States at Movants' sentencing had not appeared at the change-of-plea hearing.

- 5 -

Because Movants could only be sentenced within the maximum penalties of which they had been informed, the government was left to either set aside the guilty pleas — and thus likely proceed to a three to four week trial for the last two of fourteen original defendants in this matter — or accept Movants being sentenced to terms that were below the mandatory minimums. Therefore, in these circumstances, the Court did not impose the mandatory 25-year minimum sentence.

Without this background explaining the circumstances resulting in Movants' sentences, the Court of Appeals suggested that Movants' "appellate counsel . . . exhibited anything but good sense" by choosing to appeal sentences which were more lenient than the mandatory minimum under *Deal*. *Beltran-Moreno*, 556 F.3d at 917. However, in these specific circumstances, appellate counsels' decisions to honor their clients' instructions to appeal their sentences are explicable. In light of the background explained above, it becomes clear that "the government['s decision to] . . . exercise[] its discretion not to seek on appeal the additional years of incarceration for which the statute provides[]" likely was not done "out of a sense of justice or mercy," *id.,* but rather out of recognition that the unlawfully low sentences resulted from the government's error at the change-of-plea hearing. Moreover, if the government had successfully appealed the sentences, the result could not have been an increase in the sentences to the true statutory minimum. At most, the government would have succeeded in invalidating Movants' guilty pleas, which would have required the government to either secure Movants' guilty pleas again or proceed to trial. Had the Court of Appeals been aware of this background information,[3] it might have forborne any criticism of appellate counsel.

IT IS THEREFORE ORDERED in No. CV 10-0043-PHX-NVW (ECV) that:

1. Magistrate Judge Edward C. Voss's Report and Recommendation (Doc. 13) is accepted.

---

[3] The narrow issue raised on appeal did not give Movants occasion to discuss this procedural history; the government's brief did not inform the Court of Appeals of it either.

2. Abraham Beltran-Moreno's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 7) is denied and dismissed.

3. The Clerk of the Court shall enter judgment denying the motion and terminate this action.

4. A certificate of appealability is denied.

IT IS FURTHER ORDERED in No. CV 10-0205-PHX-NVW (JRI) that:

1. Magistrate Judge Jay R. Irwin's Report and Recommendation recommending denial of Beltran-Moreno's motion (Doc. 12) is accepted.

2. Jose Angel Beltran-Moreno's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 5) is denied and dismissed.

3. The Clerk of the Court shall enter judgment denying the motion and terminate this action.

4. A certificate of appealability is denied.

Dated this 18th day of January, 2012.

_____
Neil V. Wake
United States District Judge